UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

AMANDA E.,[1]

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.: 25-cv-2485-RSH-GC

**ORDER AFFIRMING DECISION OF COMMISSIONER**

Plaintiff Amanda E. brings this action for judicial review of the denial, by the Commissioner of Social Security (the "Commissioner"), of her application for supplemental security income pursuant to Title XVI of the Social Security Act. The Parties have fully briefed the merits. ECF No. 16. As set forth below, the Court affirms the decision of the administrative law judge ("ALJ") and directs entry of judgment for the Commissioner.

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to Plaintiff by using her first name and last initial.

## I. PROCEDURAL HISTORY

In February 2022, Plaintiff applied for supplemental security income, alleging disability beginning on January 7, 2022. Administrative Record ("AR") at 307–16. The Commissioner denied Plaintiff's application initially and on reconsideration. AR 86–101, 103–22. Plaintiff then requested a hearing before an administrative law judge, and ALJ Andrew Verne held a hearing on October 26, 2023. AR 33–61. The ALJ issued a decision dated January 18, 2024, finding Plaintiff not disabled. AR 126–38. Plaintiff sought review from the Appeals Council, and on August 8, 2024, the Appeals Council vacated the decision and remanded the case to the ALJ to give further consideration to Plaintiff's maximum residual function capacity ("RFC"), to give further consideration to whether Plaintiff has past relevant work, and to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the Plaintiff's occupational base. AR 144–46.

On January 23, 2025, ALJ Verne held a new hearing. AR 62–84. At the outset of the hearing, the ALJ advised that he was not bound by previous determinations, but rather would make new determinations based on the facts and circumstances presented. AR 65. The ALJ reviewed the record, including recently submitted exhibits, with counsel to ensure the record was complete. AR 66. The ALJ then heard testimony from Plaintiff and from a vocational expert.

The ALJ issued a new decision (the "ALJ Decision") on March 10, 2025, again finding Plaintiff not disabled. AR 17–28. Plaintiff again sought review from the Appeals Council. AR 304–06. This time, the Appeals Council denied Plaintiff's request for review, stating that "[y]ou submitted reasons that you disagree with the [ALJ] decision. We considered the reasons . . . [and] found that the reasons do not provide a basis for changing the Administrative Law Judge's decision." AR 1. The ALJ's decision thus became the final decision of the Commissioner.

On September 22, 2025, Plaintiff filed her complaint in this Court, seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). ECF No. 1.

## II. THE ALJ'S DECISION

The Social Security Act provides disability benefits under two programs, known by their statutory headings as Title II and Title XVI. Title II "provides old-age, survivor, and disability benefits to insured individuals irrespective of financial need" and Title XVI "provides supplemental security income benefits to financially needy individuals who are aged, blind, or disabled regardless of their insured status." *Smith v. Berryhill*, 587 U.S. 471, 475 (2019) (internal quotations marks and citations omitted). "To establish eligibility for Social Security disability benefits, a claimant has the burden to prove he is disabled." *Valentine v. Comm'r Soc. Sec. Admin*., 574 F.3d 685, 689 (9th Cir. 2009).

Federal regulations provide the following five-step procedure for determining disability:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4)(i)–(v).

An ALJ evaluates each step in order unless and until a finding of disability or non-disability is made. *Id.* "The claimant has the burden of proof for steps one through four, and the Commissioner has the burden of proof for step five." *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001).

The ALJ's Decision, applying the five-step procedure, determined that Plaintiff was not disabled as defined in the Social Security Act. AR at 17–28. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 20, 2022, the application date. AR 20. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative changes of the lumbar spine with stenosis, degenerative changes of the cervical spine with spondylosis, obesity, asthma, depressive disorder, personality disorder, post-traumatic stress disorder, and methamphetamine use disorder. AR 20. At step three, the ALJ found that the severity of Plaintiff's impairments, considered singly and in combination, did not meet or medically equal the severity of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20–23. The ALJ then determined that Plaintiff had the residual function capacity to perform light work, with the following exceptions:

> [S]he can no more than occasionally push or pull with the right upper extremity, occasionally climb ramps or stairs, never climb ladders, ropes, or scaffolds, occ balance stoop kneel crouch or crawl. She can frequently reach overhead, handle, or finger with the right upper extremity. She must avoid concentrated exposure to hazards including such as unprotected heights and dangerous moving machinery. She can have occasional interaction with the general public, occasional work-

> related non personal non-social interaction with co-workers and supervisors. She is limited [to] jobs requiring only simple work-related decisions. She is able to keep pace sufficient to complete tasks and met quotas typically found in unskilled work. She can tolerate occasional changes in a routine setting.

AR 23. At step four, the ALJ determined that Plaintiff did not have any past relevant work. AR 26. At step five, the ALJ found Plaintiff could perform the requirements of representative occupations such as router (Dictionary of Occupational Titles or "DOT" #222.587-038, of which there are 22,202 jobs nationally); mail clerk (DOT #209.687-026, of which there are 12,614 jobs nationally); and marker (DOT 209.587-034, of which there are 167,108 jobs nationally). AR 27. Based on the foregoing, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act. AR 28.

## III. LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if "it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (quoting *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018)).

The substantial evidence standard requires a reviewing court to "look to the existing administrative record and ask 'whether it contains sufficient evidence to support the agency's factual determinations.'" *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)). Substantial evidence means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (citations omitted). "Overall, the standard of review is highly deferential." *Kitchen v. Kijakazi*, 82 F.4th 732, 738 (9th Cir. 2023) (citation omitted). Thus, "[w]here evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Woods*, 32 F.4th at 788 (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

A reviewing court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The ALJ is responsible for determining credibility, and for resolving conflicts in medical testimony as well as any ambiguities in the record. *Id.* at 1010. The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Id.*; *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1203 (9th Cir. 2024) ("[C]ourts can consider only the reasons the ALJ asserts.") (internal quotation marks and citation omitted).

A court may also reverse the Commissioner's denial of benefits if the denial is based on legal error. *Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 929 (9th Cir. 2014). However, even if the Court finds the ALJ committed legal error, a court may not reverse an ALJ's decision if the error is harmless, "which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Id.* at 929 (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)). Section 405(g) permits a court to enter judgment affirming, modifying, or reversing the Commissioner's decision, or to remand the matter to the Social Security Administration for further proceedings. 42 U.S.C. § 405(g).

## IV. ANALYSIS

Plaintiff challenges the ALJ's Decision on three grounds.

First, Plaintiff contends that the ALJ's Decision of March 10, 2025, erroneously failed to comply with the remand instructions of the August 8, 2024 decision of the Appeals Council. ECF No. 16 at 4–7. However, the Appeals Council thereafter denied review of the ALJ's Decision, advising Plaintiff that it found that the reasons she provided for disagreeing with the ALJ decision did not provide a basis for changing that decision. AR 1. Under these circumstances, this Court lacks authority to review whether the ALJ's

Decision complied with the prior instructions of the Appeals Council. *See Tyler v. Astrue*, 305 Fed. App'x 331, 332 (9th Cir. 2008) ("The district court properly declined to evaluate whether the ALJ's second decision satisfied the demands of the Appeals Council's remand."); *Schenewark v. Bisignano*, No. 1:25-cv-617-SKO, 2026 WL 799841, at *5 (E.D. Cal. Mar. 23, 2026) ("*Tyler* has been followed by Ninth Circuit district courts, including this one, in rejecting review of an ALJ's compliance with a remand order of the Appeals Council.") (collecting cases); *Parker v. Saul*, No. 20-cv-2530-BLM, 2022 WL 4798162, at *10 (S.D. Cal. Sept. 30, 2022) ("[R]emand due to the ALJ's alleged failure to comply with the Appeals Council order is not warranted or appropriate."); *Cathey v. Saul*, 3:19-cv-2750-GPC-WVG, 2021 WL 4129491, at *9 (S.D. Cal. Sept. 10, 2021) ("District courts in the Ninth Circuit have followed *Tyler*.").[2]

Second, Plaintiff contends that the ALJ's Decision conflicts with the "law of the case" doctrine by changing the RFC relative to the ALJ's earlier decision. ECF No. 16 at 13–16. Plaintiff cites the Ninth Circuit's opinion in *Chavez v. Brown*, 844 F.2d 691, 693–94 (9th Cir. 1988), in support of her assertion that "[p]rior RFC findings are binding in subsequent proceedings involving the same claimant and period unless the Commissioner demonstrates changed circumstances or new and material evidence." ECF No. 16 at 13. *Chavez* held that an ALJ erred by not giving preclusive effect to determinations made by a prior ALJ, stating that "[t]he first administrative law judge's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to

---

[2] Plaintiff cites the Ninth Circuit's decision in *Valentine v. Commissioner*, 574 F.3d 685, 690 (9th Cir. 2009), in support of her assertion that "[a]n ALJ's failure to follow Appeals Council remand instructions constitutes reversible error." ECF No. 16 at 4. However, *Valentine* says no such thing, and the opinion does not discuss remand instructions. Plaintiff also appears to quote *Valentine* as stating: "[W]hen the Appeals Council remands a case with instructions, those instructions become legal requirements with which the ALJ is bound to comply." *Id.* But *Valentine* contains no such quote.

some res judicata consideration in subsequent proceedings." *Chavez*, 844 F.2d at 694. However, unlike in *Chavez*, the earlier ALJ decision here was not final, and indeed was *vacated* by the Appeals Council. There is no basis for giving preclusive effect to such an order. *See Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir. 1985) ("Judicial review is limited to 'final decisions' of the Secretary.") (citing 42 U.S.C. § 405(g)); *Shannon B. v. Comm'r*, No. 3:22-cv-1590-AA, 2026 WL 2944554, at *1 (D. Or. Sept. 30, 2026) ("The doctrine of res judicata applies in social security cases where the agency has made a previous determination or decision under the same title 'on the same facts and on the same issue or issues, and this previous determination has become final by either administrative or judicial action.'") (quoting 20 C.F.R. § 404.957(c)(1)).[3] Nor does Plaintiff offer any authority that supports applying the "law of the case" doctrine to a vacated decision of an ALJ.

Third, Plaintiff contends that "[t]he ALJ failed to meet his burden of proof at Step Five," ECF No. 16 at 21, the determination whether a claimant "can make an adjustment to other work." 20 C.F.R. § 404.1520(a)(4)(v). However, Plaintiff's argument in substance appears to relate not to the ALJ's analysis at step five, but instead to the ALJ's determination of her residual functional capacity; Plaintiff explains, "[b]ecause the ALJ did not provide an adequate RFC which complies with the Federal Rules the resulting Step Five finding is unsupported." ECF No. 16 at 22. Plaintiff contends that the ALJ "failed to

---

[3] In the reply portion of the joint motion, Plaintiff clarifies that she "does not contend the vacated 2024 RFC was binding in a preclusive sense." ECF No. 16 at 20. Rather, she "contends, consistent with *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008), that where an ALJ reaches a materially different RFC on substantially the same evidence, the decision must identify the new and material evidence that justifies the departure." *Id.* This is not what *Stubbs-Danielson* says. Indeed, that opinion declined to give preclusive effect to a prior disability determination, and noted that the plaintiff "has cited no authority extending the principles of *Chavez*, which applied preclusive effect to a prior finding of non-disability, to the present context, an attempt to apply that same presumption to a prior finding of disability." *Stubbs-Danielson*, 539 F.3d at 1173.

provide a logical bridge between the evidence and the RFC," in that the ALJ's findings of reduced strength, diminished sensation in the fingers, chronic radicular pain, and imaging showing severe spinal canal stenosis were "incompatible" with the ALJ's determination in the RFC that Plaintiff could make "frequent use of the dominant arm." ECF No. 16 at 21.

As it pertains to Plaintiff's use of her right arm, the ALJ determined in the RFC that Plaintiff "can no more than occasionally push or pull with the right upper extremity," but that she "can frequently reach overhead, handle, or finger with the right upper extremity." AR 26. In explaining this determination, as to the evidence cited by Plaintiff, the ALJ discussed Plaintiff's spinal stenosis as follows:

> While the overall objective medical evidence and other evidence of record does not support the claimant's alleged loss of functioning, it does support limiting the claimant to the range of light work assessed herein. In June 2020, lumbar imaging showed evidence of moderate central stenosis at L4-L5 along with mild bilateral neural foraminal stenosis," an "annular fissure" at the L4-L5 level, and "mild degenerative changes at L3-L4" (3F/88). February 2022 cervical imaging showed evidence of "mild degenerative changes of the cervical spine with anterior osteophytosis at C4-C5 and C5-C6" (3F/85). More detailed imaging in March 2022 showed a "large far right lateral disc protrusion at C6-C7 causing moderate central stenosis with mild cord compression" (3F/81-82). There was also evidence of "severe effacement of the right lateral recess," "moderate central stenosis at C5-C6 with mild flattening of the cord," and "mild to moderate central stenosis at C4-C5 (Id.).

AR 24. Turning more specifically to the evidence bearing on Plaintiff's use of her right hand and arm, the ALJ addressed Plaintiff's level of dysfunction:

> In August 2023, the claimant demonstrated "some clumsiness" of her right hand (78F/247). She also showed signs of decreased sensation and weakness, graded as 4/5 to the right upper extremity (7F/52/247-248). This appeared consistent with cervical radiculopathy (7F/53). Due to these persistent signs of right upper extremity dysfunction, in the context of diagnostic testing showing degenerative changes at two levels of the spine, causing some moderate to severe abnormalities of

> the cervical spine, a limitation to light work is appropriate, with additional postural and environmental limitations. Further accommodating persistent signs of right upper extremity weakness and some evidence of "clumsiness" with that extremity, she is precluded from more than frequent reaching overhead, handling, or fingering with the right upper extremity.

AR 24. The ALJ also noted that the evidence reflected that Plaintiff's limitations were themselves limited:

> April 2022 findings also noted full strength throughout no signs of sensory loss, full range of motion throughout, and no signs of joint effusion or tenderness (4F/21). Another examination also failed to note signs of tenderness on palpation of the spine (4F/24). The claimant also reported improvement in her symptoms following a steroid injection (4F/28). Also in May 2022, the claimant appeared to be "ambulating without difficulty" and demonstrated signs of normal muscle tone (7F/149). In August 2023, the claimant's demonstrated normal muscle bulk and tone and other than some right upper extremity weakness, strength was full throughout (7F2/47-248). Her right upper extremity also appeared far from fully diminished, with her degree of strength estimated at 4/5 (7F/247). These benign signs on examination and some [evidence] of improvement with treatment are inconsistent with greater limitation in physical functioning.

AR 25. Here and elsewhere in the decision, the ALJ *did* explain the basis for the RFC determination; and although Plaintiff asserts that the evidence is "incompatible" with that determination, Plaintiff's contention is generalized and conclusory. Plaintiff has failed to establish that the ALJ's RFC determination was unsupported by substantial evidence or was based on legal error.

//

//

//

//

//

## V. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the ALJ's Decision of March 10, 2025, and directs the Clerk of Court to enter judgment for the Commissioner.

**IT IS SO ORDERED**.

Dated: October 26, 2026



Hon. Robert S. Huie
United States District Judge